Dear Mr. McConnell:
This office is in receipt of your request for an opinion of the Attorney General in regard to the use of Parish property by the sheriff. You ask if it is permissible for the parish sheriff to construct on the penal farm on parish owned property a storage area for seized vehicles and charge storage fees to the owners.
The law authorizes vehicles used to transport contraband to be subject to seizure and possible forfeiture, and R.S. 32:1550(N) provides for the assessment of storage and/or towing fees of these vehicles as follows:
 When a person is convicted and the property which has been seized under the provisions of this Chapter is found not to be contraband or is ordered released, the person convicted of the offense which served as the basis for the seizure shall be liable for any lawful storage, preservation, or towing fee which is due at the time the property is released.
This office has concluded that this provision permits the sheriff to request that a court assess vehicle towing and/or storage fees to a convicted drug offender. Atty. Gen. Op. No. 91-643
There are also provisions that permit passage of ordinances for towing of abandoned or illegally parked vehicles which would require storage by the sheriff when the towing is under a parochial provision and proper notice to the owner. R.S. 32:42,33:1236.
R.S. 33:4715 requires each parish to provide a good and sufficient jail, and R.S. 33:4713 requires they provide and bear the expense of a suitable building and furniture for the district court, and offices as may be needed by the clerks, recorders and the sheriff of these courts.
Additionally, R.S. 33:1422(D) provides, notwithstanding the provisions of R.S. 33:4713, a sheriff may purchase and equip such real property as is necessary in the performance of his duties, with the ownership of such property vested in the parish law enforcement district. This office has concluded this statute permits the sheriff to make an expenditure from the sheriff's salary fund for all expenses authorized by law which are incurred in the performance of his duties. Atty. Gen. Op. No. 93-569.
We also find that law enforcement districts, created pursuant to R.S. 33:9001, et seq., have the authority to issue general obligation bonds or revenue bonds in order to acquire, construct, replace or enlarge such immovable property which may be of use or benefit to the district or to the applicable sheriff. This office has stated a law enforcement district is empowered to expend public funds, in the absence of a cooperative agreement with a parish, to construct immovable property including but not limited to jails, office buildings, storage or utility facilities. Atty. Gen. Op. Nos. 93-569, 92-468.
By reading all these statutes together we would conclude there would have to be a cooperative agreement to permit the sheriff to build a storage facility on parish property. While he has authority to purchase property and build such a facility from the sheriff's salary fund as a necessary structure in the performance of his duties, the statute mandates the title would be in the name of the law enforcement district. Therefore, we do not feel he can construct such a facility on the parish property without an agreement entered into with the parish as a cooperative endeavor or his purchase of the property.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR